# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

---------------------------------X

BASF CORPORATION,

        Plaintiff,

v.

A-1 J.P.S. ENTERPRISES, INC. d/b/a JIM'S CUSTOM REFINISHING and JAMES SEHRINGER a/k/a JIM SEHRINGER,

        Defendants.

---------------------------------X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants A-1 J.P.S. Enterprises, Inc. d/b/a Jim's Custom Refinishing ("Body Shop") and James Sehringer a/k/a Jim Sehringer ("Sehringer," and collectively with Body Shop, "Defendants") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Body Shop is a corporation organized and existing under the laws of the State of Florida, with a principal address of 1616 St. Johns Bluff Road 206,

Jacksonville, Florida 32246 on file with the Florida Division of Corporations. Body Shop's registered agent on file with the Florida Division of Corporations is Sehringer, with a service address of 13680 Mount Pleasant Road, Jacksonville, Florida 32225.

3. On information and belief, Sehringer is an individual and a citizen of the State of Florida and resides at 13680 Mount Pleasant Road, Jacksonville, Florida 32225.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Body Shop is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

6. Upon information and belief, Sehringer is the owner and president of Body Shop.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of Florida.  Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

10. On or about November 16, 2017, BASF and Defendants entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $572,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing ("Minimum Purchases").

12. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $80,000.00 ("Contract Fulfillment Consideration") in consideration of Body Shop satisfying its obligations under the Requirements Agreement.

13. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop fulfilling its Minimum Purchases requirement, Body Shop was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| **Purchases** | **Contract Fulfillment Consideration Refund** |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |

| After 5/5 of Minimum Purchases | 0% |

14. Pursuant to Paragraph 5 of the Requirements Agreement, BASF loaned certain equipment ("Loaned Equipment") to Body Shop for Body Shop's use in conjunction with BASF Refinish Products. Body Shop agreed that the Loaned Equipment would be returned to BASF at the end of the Requirements Agreement.

15. As part of the Requirements Agreement, Sehringer signed an Owner's Personal Guaranty ("Personal Guaranty") by which he guaranteed Body Shop's performance under the terms of the Requirements Agreement, including but not limited to the repayment of the Contract Fulfillment Consideration and return of the Loaned Equipment to BASF.

***Defendants' Breach of the Requirements Agreement***

16. In or about October 2021, Body Shop, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to fulfill all of its requirements for Refinish Products with BASF Refinish Products prior to fulfilling its $572,000.00 Minimum Purchases requirement, failing to refund the Contract Fulfillment Consideration to BASF, and failing to return the Loaned Equipment to BASF pursuant to the Requirements Agreement.

17. At the time of Body Shop's breach and termination of the Requirements Agreement, Body Shop had purchased only approximately $38,089.45 in BASF Refinish Products, leaving a purchase balance due and owing of $533,910.55.

18. Body Shop's $38,089.45 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constituted less than one-fifth of its Minimum Purchases requirement, triggering an obligation to refund 110% of the Contract Fulfillment Consideration ($88,000.00) to BASF.

19. Body Shop's breach and termination of the Requirements Agreement also triggered Body Shop's obligation to return the Loaned Equipment, which has a value of $11,214.23, to BASF.

20. In breach of the Personal Guaranty in Paragraph 13 of the Requirements Agreement, Sehringer has failed and refused to refund $88,000.00 for 110% of the Contract Fulfillment Consideration, pay BASF the $533,910.55 balance of the Minimum Purchases requirement, or pay BASF for the value of the Loaned Equipment.

21. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

22. By letter dated November 9, 2021, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

23. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

## COUNT I
### Breach of Contract Against Body Shop

24. BASF incorporates by reference the allegations contained in paragraphs 1-2, 4-5, 7-14, and 16-2323 herein.

25. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $572,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

26. Despite Body Shop's obligations under the Requirements Agreement and in breach thereof, Body Shop failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

7

27. A purchase balance of at least $533,910.55 remains outstanding under the terms of the Requirements Agreement.

28. Because of Body Shop's breach without legal excuse, and pursuant to Paragraph 3 of the Requirements Agreement, Body Shop is obligated to refund 110% of the $80,000.00 Contract Fulfillment Consideration to BASF, which is $88,000.00, and pay BASF for the value of the Loaned Equipment, which is $11,214.23.

29. As of the date of the filing of this Complaint, as a direct and proximate result of Body Shop's breach, Body Shop has damaged BASF under the Requirements Agreement as follows:

    a.   $88,000.00 for 110% of the Contract Fulfillment Consideration;

    b.   $533,910.55 for the remaining balance of the Minimum Purchases requirement; and

    c.   $11,214.23 for the value of the Loaned Equipment.

30. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Body Shop's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

31. As a direct and proximate result of Body Shop's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $633,124.78.

**WHEREFORE**, BASF demands judgment against Body Shop, awarding an amount to be determined at trial but not less than $633,124.78, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Breach of Contract Against Sehringer

32. BASF incorporates by reference the allegations contained in paragraphs 1-23 and 25-31 herein.

33. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Sehringer personally guaranteed Body Shop's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the Contract Fulfillment Consideration.

34. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Sehringer has failed to pay BASF the amounts due from Body Shop under the Requirements Agreement.

35. Upon information and belief, as of the date of the filing of this Complaint, Sehringer has damaged BASF in the following amounts under the Requirements Agreement:

9

      a.    $88,000.00 for 110% of the Contract Fulfillment Consideration;

      b.    $533,910.55 for the remaining balance of the Minimum Purchases requirement; and

      c.    $11,214.23 for the value of the Loaned Equipment.

36.    BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Sehringer's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

37.    As a direct and proximate result of Sehringer's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $633,124.78.

**WHEREFORE**, BASF demands judgment against Sehringer, awarding an amount to be determined at trial but not less than $633,124.78, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### COUNT III
### Unjust Enrichment

38.    BASF incorporates by reference the allegations contained in paragraphs 1-23.

39.    Through BASF's business relationship with Defendants, Defendants received the benefit of the $80,000.00 Contract Fulfillment

Consideration and the Loaned Equipment worth $11,214.23 provided by BASF in anticipation of the parties' continued business relationship.

40. Defendants prematurely terminated the parties' business relationship but Defendants have failed to return the $80,000.00 to BASF or pay BASF $11,214.23 for the value of the Loaned Equipment.

41. BASF expected remuneration in the sums of $80,000.00 for the Contract Fulfillment Consideration and $11,214.23 for the Loaned Equipment, respectively. Defendants' failure to return the Contract Fulfillment Consideration to BASF or pay BASF for the $11,214.23 value of the Loaned Equipment has unjustly enriched Defendants.

42. Permitting Defendants to retain the benefit of the $80,000.00 Contract Fulfillment Consideration and the $11,214.23 value of the Loaned Equipment when Defendants prematurely terminated their business relationship with BASF would be unequitable and unjust to BASF.

43. By reason of the foregoing, Defendants have been unjustly enriched by $91,214.23 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants awarding an amount to be determined at trial but not less than $91,214.23, together

with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### COUNT IV
### Declaratory Relief

44. BASF incorporates by reference the allegations contained in paragraphs 1-23.

45. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

46. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the Requirements Agreement. Defendants contend that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

47. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

### DEMAND FOR JURY TRIAL

48. BASF demands a trial by jury on all counts and as to all issues.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $633,124.78, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and attorneys' fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: February \_\_\_\_, 2023

                                              CARLTON FIELDS, P.A.

                                        By: */s/ Daniel C. Johnson*
                                                Daniel C. Johnson
                                                djohnson@carltonfields.com
                                                200 S. Orange Avenue, Suite 1000
                                                Orlando, FL 32801-3456
                                                Tel:   (407) 244-8237
                                                Fax:   (407) 648-9099